The last case on the call this morning is case number 124143, People v. Bates, Agenda No. 5. Counselor, if you're ready, you may proceed. Good morning, Your Honors. Good morning. My name is Emily Filpe, and I represent Clinton Bates. This case presents the question of whether a preliminary inquiry under Krinkle is triggered when defense counsel admits his own ineffectiveness post-trial. Since its inception, the common law procedure derived from Krinkle has evolved and expanded. The underlying purpose, however, has remained the same, that is, judicial economy, to potentially limit ineffectiveness claims on appeal and to create the necessary record to evaluate these claims. This reasoning applies regardless of whether the claim is raised pro se or by counsel. In fact, the state doesn't dispute that Krinkle is not limited to pro se claims. The facts of the case and counsel's performance are fresh in everyone's minds post-trial, whereas if these claims are pushed down the road, that may no longer be the case and individuals involved may no longer be available. Here, post-trial, defense counsel admitted to the trial court that he was unprepared for trial, and he did not review all the state's other crimes' evidence, specifically the other crime victim's statement and forensic evidence. All that Krinkle requires to trigger a preliminary inquiry is a clear claim of ineffectiveness to be raised before the trial court, and that's been established here. Counsel's statements constituted a clear assertion of ineffectiveness. He admitted that he went to trial without reviewing all of the discovery. That's a violation of the ABA standards, which impose a duty on a trial. Indeed, had a pro se defendant made this very same claim that his attorney told him they didn't review all of the discovery, that would clearly have triggered a preliminary inquiry. Has this court even ever suggested, let alone held, that Krinkle applies to ineffectiveness claims brought by defense counsel? No, Your Honor. This has not been a situation that's been addressed by this court. So you would agree, then, that it would be an expansion of this court's case? It would, Your Honor, but that's nothing new. You know, the Krinkle case itself is just a pro se, written, post-trial motion. I mean, it's been expanded repeatedly throughout the years to include oral motions, things that aren't quite in a motion format like letters, and it can be a post-guilty plea, it can be a post-probation revocation. That's nothing new. I mean, I think that's to meet the underlying goal, which is to potentially limit these ineffectiveness claims on appeal and deal with them sooner rather than later. Is the state correct that this court has recognized the trial court's ability to insert itself into the relationship between a defendant and private counsel is limited in a way that is not when a public defender is involved? No, Your Honor. The right to counsel of choice is not absolute. This right is circumscribed in many cases, well, maybe not many, but certain cases. You know, a defendant doesn't have a right to be represented by an attorney who is not actually an attorney, or if the attorney has a previous or ongoing relationship with the state, or even if the demands of trial court's calendar require. There are certain situations where the defendant's right to counsel of choice can be overcome by the trial court or situations. But typically, the defendant's Sixth Amendment rights exist in harmony. The Sixth Amendment right to counsel of choice and competent counsel. But when the trial court determines that there's a conflict between these defendants' Sixth Amendment rights, there has to be a waiver of one of these rights. So this would be similar to if counsel was drunk? Not exactly, Your Honor, but I'm just saying that's one of the situations where the defendant doesn't have an absolute right to say, I don't care that my attorney is drunk, I want that attorney. But here the attorney said that he could have done a better job. He didn't say the defendant was prejudiced. No, he didn't say the defendant was prejudiced, but he did say that he didn't review all of the discovery evidence. And a prejudiced analysis at this point would be premature. And in fact, under Moore, Moore precludes a harmless error analysis at this point when the trial court does absolutely nothing in response to an intention. Are we moving along the continuum to the point where we would be requiring the trial court to hold a crankle hearing every time there's a guilty verdict? No, Your Honor. There still has to be some sort of claim made, whether it's defense counsel or by a pro se defendant. What if the defense counsel, for example, decides not to call a witness for strategic purposes, the defendant is found guilty, and then decides, well, maybe that wasn't such a good strategy. So then they get a post-trial motion saying, well, I could have done a better job, basically, what he said here. That's enough? No, Your Honor, I don't think that's enough. I mean, if the claim lacks potential merit, that will be sorted out at the preliminary hearing. But then you're saying they should engage in a crankle hearing every time. If every time that a claim of ineffectiveness is raised, but also keep in mind that defense counsel has a duty of candor to the court, as an officer of the court, and that duty should stem any sort of titer or gamesmanship that defense counsel might do. And again, those spurless claims will be sorted out at the preliminary inquiry. I mean, the trial strategy, it goes no further. You know, the preliminary inquiry is intended to be a relatively easy thing, short, quick, easy thing to do. And it's common sense, too, in a situation where a defense counsel admits their own ineffectiveness. This isn't a common situation. You know, if it were, this court would have... Will it become common? Well, if it becomes common, then that gets addressed. But these claims come out at the preliminary inquiry, and you see that this is just, oh, you just didn't call a witness, and that was your strategy. It goes along with your theory, your argument during opening and closing. I think that'll naturally just filter those out. And then those claims, there'll be a record of those claims, so that any potential claim down the road on appeal or PC, it would be nipped in the bud, because it ought to already be addressed as trial strategy immediately after the trial, when everything's fresh in The judge remembers everything. Counsel remembers everything. The defendant's right there. The judge could say, defendant, what do you think? You know, how did this... Do you think that there was a witness that should have been called? You know, this claim is different from the traditional prank or claims you see in the cases, because there are some claims that a defendant would not be aware of, such as whether trial counsel read all the discovery or reviewed all the discovery prior to trial. It's not like the typical prank or claim, which is about, you know, a counsel's failure to investigate or call a witness that the defendant's aware of, like an alibi witness. This is different. Once the ineffectiveness claim is before the trial court, the law does require that the trial court exercise its discretion and examine the claim and determine whether it lacks merit or pertains only to trial strategy. Does it matter in this case that trial counsel brought this up in connection with his request for a new trial, when he said, I was surprised, first of all, that you allowed that evidence in. We had a trial within a trial. I could have done a better job if I had represented that individual. Nowhere does he say it was ineffective. He does say, I had no chance to review some of the experts and all of that. He doesn't use the magic words, I was ineffective. He says, I could have done a better job. Whose duty has it been, the trial judge, to say, well, that sounds like ineffective, and then conduct a prank or hearing? Yes, Your Honor. It's a defense attorney admitting that he didn't review all the documents prior to trial. Again, that's a clear violation of the ABA standards that require a defense attorney to review all available documents prior to trial. But this court has never held that there's any sort of magic words. And Ayers said that the bare-bones allegation of ineffective assistance of counsel was sufficient to trigger a preliminary inquiry. But he never said that they had these magic words. In this case, counsel's admission that he, himself, failed to review all the documents, it's clear he's talking about his own performance, and it's clear he's saying that he wasn't ready for trial. That's a clear claim. It's brought to trial court's attention. It's an explicit claim. That's all that Ayers requires, a clear claim. That should be enough. Again, a brief, short inquiry will suffice. It's quick, it's easy, it's common sense, particularly when a defense counsel says, I didn't review all the documents here, I wasn't prepared, I did something ineffective. The trial court here didn't do that. There were no follow-up questions, there were no findings. In other words, there's no issue here about whether the preliminary inquiry was adequate, because there's no preliminary inquiry at all. The court simply ignored counsel's statement. Under Moore and Robinson, this requires remand for a preliminary inquiry. A review of the state's position indicates they're conceding that Prenkle is not limited to pro se claims of ineffectiveness. Instead, the state would limit Prenkle, the preliminary inquiry, to pro se and appointed claims, not retained counsel. The state bases its position on Pecoraro. Pecoraro, however, is distinguishable from the present case because it says nothing about claims raised by counsel. In Pecoraro, it was the defendant, not the attorney, who alleged counsel's ineffectiveness. When a defendant complains about the performance of their attorney, it's inherent in that complaint that he or she is dissatisfied with counsel's performance and desires a new attorney. A dissatisfied client of retained counsel has the option of firing that attorney and Since the judge heard from a disgruntled defendant in Pecoraro, and the defendant knew his options and still wanted counsel to present his pro se motion, the trial court had no obligation to step in and replace without counsel, because it was the defendant raising the claim and it was a preliminary inquiry. The conflict does not attach, the conflict of counsel arguing his own effectiveness, does not attach until after there's a finding of plausible neglect. Also on appeal, Pecoraro asked for this court to appoint new counsel, not for it to go back for a preliminary inquiry. This case is different, because it's the attorney, not the defendant, who raised his ineffectiveness. Again, as I mentioned earlier, there are certain claims of ineffectiveness or ineffective actions about which the defendant would have not been aware, such as whether counsel proceeded to trial without reviewing the discovery. This clamps down in stark contrast, again, to the claims of failure to call an alibi witness, things like that. In Pecoraro, since it was the defendant's claim, the defendant could have retained new counsel prior to the hearing on his motion. But this is not a possibility when the claim is raised for the first time by counsel at the hearing. Although Pecoraro is factually distinguishable, it's worth pointing out that the legal basis holding Pecoraro's analysis is no longer sound. Pecoraro cites Walsh with a proposition that it's not within the trial court's rubric of authority to advise or exercise any influence or control over the selection of counsel. Walsh asserted that the defendant's right to counsel of choice was absolute. As I mentioned earlier, in the almost 60 years since Walsh was decided, this court has repeatedly held that the right to counsel of choice is not, in fact, absolute. Moreover, at the preliminary inquiry stage, there's no concern that the trial court will infringe on the defendant's right to counsel of choice. If there's a finding of possible neglect after the preliminary inquiry, then it's the trial court's responsibility to inform the defendant of the conflict between his right to counsel of choice and the conflict between his right to competent counsel, and to allow the defendant to make a knowing, intelligent, and voluntary waiver of one of these conflicting constitutional rights. This is a procedure discussed in Johnson, which is a case cited in Pecoraro. It's easy and common sense for the trial court to ask follow-up questions after an attorney admits their ineffectiveness, or in this case, admits he went to trial unprepared. We ask this court to consistently apply principle, no matter who raises the claim of ineffectiveness, and to remand this case for a preliminary inquiry. Thank you. Thank you. Ms. O'Connell? May it please the court, counsel, I am Assistant Attorney General Erin O'Connell on behalf of the people. A lot of the arguments that opposing counsel just made are fairly theoretical. The question of whether principle should apply when counsel raises a claim of his own ineffectiveness is not raised on the facts here, because counsel did not raise a claim of his own ineffectiveness. He never used the terminology, ineffective assistance, deficient performance, never invoked Strickland. He didn't even go so far as counsel was claiming in saying, I did not review the discovery. What counsel did was indicate, in support of a separate claim, that the trial court erred in admitting other crimes' evidence. He made the point that it was unfair to consider that evidence, because he was not counsel in that case, representing defendant. He said, if I had been counsel, I would have done a better job rebutting it. Because I wasn't, this court erred in admitting this evidence in the first place. And I think it's important, when confronted especially with these vague remarks by counsel, to consider the overall context. Counsel also noted that Crankle is designed to consider these issues when everyone's memory is fresh. Here, counsel had pursued a considered strategy from the moment he appeared in the case, through his arguments to the jury, and at the post-trial hearing, of saying that it was just unfair for anyone to consider the evidence of the CH assault, because it had not yet been subject to a full trial. As part of that strategy, he opted not to process him and the state's witnesses on those points. That set him up to argue to the jury, don't consider this evidence at all. He's presumed to be innocent. There still hasn't been a trial. Not even here has there been a trial. He didn't expressly say so, but he hadn't subjected it to a trial during the AP prosecution. And really, this was one of the only strategies available to him in this case, where the evidence was so strong, with respect to both the evidence of the AP assault, but also the CH assault, there really wasn't a lot for counsel to do to rebut that evidence, so it was actually a reasonable strategy on these facts for counsel to take the approach that he did. This court should hold, as it did in People v. Taylor, that vague statements subject to multiple interpretations don't suffice to raise the claim of ineffective assistance for purposes of triggering the court's duty to begin investigating trial counsel's performance at a post-trial hearing. The pro se defendant is held to that bar. Certainly, counsel is even better equipped than a pro se defendant to use the appropriate terminology to raise a claim of ineffective assistance and trigger this, whatever sort of inquiry the court might want to conduct. The court should alternatively affirm, because there was privately retained counsel in this case, so Pecoraro set forth the distinction that Prankle applies automatically when counsel has been appointed, but if a defendant has private counsel, and I thought the other side was even agreeing with this point, that individual can fire the counsel that he believes was ineffective. What the defendant needs to do to bring himself within the scope of Prankle is to say to the court, I think my attorney was ineffective. I would really like a new attorney to argue this for me, and I can't afford to hire an attorney. That was the framework that the Fourth District adopted in People v. Mourning. It's a fair inquiry. It's a low burden to place on a defendant to pipe up at that point. Counsel did argue that in this case, defendant allegedly wouldn't have known before the hearing, but really at that point, he had every opportunity to raise an objection. He could have raised an objection quickly after the hearing. He simply didn't speak up at all, and I think the most reasonable inference is that the reason he didn't is that he agreed with private counsel's strategy in this case and had no reason to make the appointment of a new attorney. In sum, we would ask the court, both because there was no claim here with ineffective assistance under Taylor, and because there was no request for new counsel under Pecoraro to affirm the appellate court's judgment, affirming the trial court's judgment. Thank you. Thank you. Reply. Three brief points. One, the State argues that the ineffectiveness claim was in support of another claim. The transcript directly rebuts this. If you reread the transcript of the hearing on the motion for a new trial, you see that counsel states very clearly that there are three separate reasons why Bates is entitled to a new trial. One, that he was not the appointed attorney on 11 CF 888, the other crimes case, and that one he was represented by an appointed counsel, and was therefore not prepared to challenge that evidence because he did not review it all. Two was about the admissibility of the other crimes evidence, and three was about the rape shield motion. But counsel clearly delineated that these were three separate claims. And after talking about the fact that he did not review the evidence for the other crimes case, the defense counsel even said, and for that reason alone, Bates should have a new trial. Then he said, secondly, and moved on to whether the other crimes evidence was admissible. Second, the State said that this was some sort of strategy on the part of defense counsel to not cross-examine any of the other crimes witnesses or anything like that. Notably, there were a lot of other crimes witnesses in this case. There were seven other crimes witnesses and 18 photos. And defense counsel didn't ask a single question in cross-examining about any of these things. But I'd just like to point out that reasonable strategy requires an actual knowing decision, not just a failure to review the evidence and to ignore it. There has to be some sort of review, evaluation, and knowing decision. Strategy is not just decision not to do anything. Finally, the State suggests that the defendant should just have spoken up during the much-needed trial and said, you know, Your Honor, I would like a new attorney. First of all, keep in mind that trial counsel had previously told Mr. Bates that he has an attorney and he should go through the attorney. Second of all, the trial counsel had made this point to the court. He presented it to the court. There was no reason for Mr. Bates to assume that the trial court would just ignore this because his attorney said, hey, trial court, I didn't review all of the discovery in this case. If there are no further questions, we'd ask that this court remand for a preliminary inquiry. Thank you. Thank you. Case number 124143, Sheepman v. Bates, will be taken under advisement as agenda number five. Ms. Phillipi and Ms. O'Connell, we thank you for your arguments this morning. You are excused.